UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
**Lexington Division**

| | |
|---|---|
| Marie Black )<br>　　*Plaintiff* )<br> )<br>v. )<br> )<br>Midland Funding, LLC )<br>　　*Defendant* )<br>Serve: )<br>　　Corporation Service Company )<br>　　421 W. Main Street )<br>　　Frankfort, KY 40601 )<br> ) | Case No. |

## COMPLAINT and DEMAND FOR JURY TRIAL

\* \* \* \* \*

### INTRODUCTION

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA") and KRS 360.020.

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

3. Plaintiff Marie Black (f/k/a Marie Fields) is a natural person who resides in Garrard County, Ky. Ms. Black is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant Midland Funding, LLC ("Midland") is a Delaware limited liability company, which has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Midland's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

5. Midland is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## RELEVANT FACTS

4. On January 6, 2011, Midland filed suit against Ms. Black in the Garrard District Court of Garrard County, Kentucky under Case No. 11-C-00005 (the "Garrard Collection Action").

5. Midland's complaint was an attempt to collect a charged-off credit card debt that was used solely for personal, family, or household purposes, which makes the credit card debt at issue a "debt" within the meaning of the FDCPA.

6. Ms. Black filed an answer to Midland's complaint, denying liability.

7. Ms. Black believes that she paid off the credit card cart at issue in the Garrard Collection Action in full prior to Midland's lawsuit.

8. Midland moved for and was granted summary judgment against Ms. Black on November 14, 2011 (the "Summary Judgment").

9. A true and accurate copy of the Summary Judgment is attached as Exhibit "A."

10. The Summary Judgment awards Midland *inter alia*:

### JUDGMENT

Motion having been made, and it appearing that there is no genuine issue of any material fact, and it further appearing that the Plaintiff is entitled to judgment as a matter of law;

**IT IS ORDERED AND ADJUDGED** that the Plaintiff recover of the Defendant(s), Marie Fields in the principal sum $674.70, with interest thereon at the rate of 8% per annum from March 31, 2008 until date of judgment with 12% per annum thereafter until paid plus court costs.

Exhibit "A."

11. While the Summary Judgment awards "court costs" to Midland, no amount of court costs is included or set forth in the Summary Judgment.

12. Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and

>   guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

13. The purpose of requiring the prevailing party to file a bill of costs is twofold: **(i)** to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and **(ii)** to subject the award of costs to judicial oversight and review.

14. If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

15. Midland did not file a bill of costs in the Garrard Collection Action.

16. Midland did not serve a bill of costs on Ms. Black in the Garrard Collection Action.

17. There is no supplemental judgment entered in the Garrard Collection Action awarding Midland costs.

18. On or about January 23, 2017, served a non-wage garnishment on Fifth Third Bank in an attempt to collect the Summary Judgment (the "Garnishment").

19. A true and accurate copy of the Garnishment is attached as Exhibit "B."

20. The Garnishment provides in pertinent part:

| | |
|---|---|
| **Judgment Creditor:** | MIDLAND FUNDING LLC |
| **Judgment Debtor:** | Marie Fields Marie Black   SS# X X         604 |
| **Garnishee:** | Fifth Third Bank Legal Entry 5050 Kingsley DR ML DR 1MOC2Q Cincinnati, OH |
| **Amount Due:** 45227-115 | **Date of Judgment:** |
| | $1,377.76 |
| **Probable Court Costs:** | |
| $20.00 | Garrard   November 14, 2011 |
| The Commonwealth of Kentucky To the Sheriff of | County: |

FILED GARRARD COUNTY CIRCUIT CLERK JAN 23 2017 DANA HENSLEY D.C. BY

The undersigned states that he is attorney for the Judgment Creditor, that the Judgment Debtor(s) are not now, nor have been at any time during the pendency of this action, in the active military service of the United States of America; that the date of judgment and amount due stated above are correct, and that the garnishee is believed to be indebted to the Judgment Debtor(s).

Exhibit "B."

21. Upon information and belief, the "Amount Due" of $1,377.76 includes self-awarded court costs that Midland has no legal right to recover from Ms. Black.

22. The "Probable Court Costs" of $20.00 consists of statutory fees that are not recoverable court costs under Kentucky law and for which no Bill of Costs was filed.

23. After she learned of the Garnishment, Ms. Black contacted Midland's counsel and was told that she owed Midland in excess of $1,400.00 under the Summary Judgment.

24. Midland violated the FDCPA by **(i)** including court costs in the amount due in the Garnishment where no Bill of Costs was filed in the Garrard Collection Action; **(ii)** falsely representing the amount due in the Garnishment; and **(iii)** attempting to collect more under the Summary Judgment that it had any legal right to collect from Ms. Black.

## Claims for Relief

I. **Violations of the FDCPA**

25. The foregoing acts and omissions of Midland Funding, LLC constitute violations of the FDCPA, including, but not limited to violations of multiple subsections of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Marie Black requests that the Court grant her the following relief:

1. Award Plaintiff actual damages;

2. Award Plaintiff maximum statutory damages under 15 U.S.C. § 1692k;

3. Award Plaintiff reasonable attorney's fees and costs;

4. A trial by jury; and

5. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:   (502) 473-6525
Fax:   (502) 473-6561
james@kyconsumerlaw.com